# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL GUISTO CROMEY JR., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:22-CV-00210-JDK |
| v. | § § § | |
| MATT BINGHAM, DISTRICT ATTORNEY, SMITH COUNTY (RET.); JACOB PUTMAN, DISTRICT ATTORNEY, SMITH COUNTY; MICHAEL GUISTO LEONE, JEREMY THOMPSON, TYLER POLICE DEPT.; AND APRIL MOLINA, TYLER POLICE DEPT.; | § § § § § § | |
| Defendants. | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Guisto Cromey, Jr., an inmate currently confined at the Bradshaw State Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights proceeding alleging purported violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## BACKGROUND

On June 6, 2022, Plaintiff filed the instant action. (Doc. No. 1.) Plaintiff raises several allegations against Defendants regarding his March 2017 trial and conviction for aggravated assault with a deadly weapon. *Id.* Plaintiff has attached his indictment. (Doc. No. 1-2.) Plaintiff alleges that Defendants withheld evidence, presented false testimony to the Grand Jury, presented

1

false evidence to the 7th District Court of Smith County, and generally committed perjury. *Id.* at 3. Plaintiff also appears to be alleging that his father committed perjury and that he assaulted Plaintiff and attempted to murder him. *Id.* Plaintiff submits an affidavit from his father regarding the incident that led to Plaintiff's arrest and conviction. (Doc. No. 1-1.) Plaintiff alleges he was put through trial and never believed. (Doc. No. 1, at 4.) As for his requested relief, Plaintiff asks generally for the court to right the wrongs against him. *Id.* The court notes that Plaintiff is currently incarcerated for a 2016 offense of aggravated assault with a deadly weapon and is serving a seventeen-year sentence.

## DISCUSSION

The Supreme Court has held that a plaintiff seeking damages under § 1983 for actions whose unlawfulness would render a conviction or a sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 486. The Court further held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

*Heck* applies to requests for injunctive relief—insofar as the prospective injunctive relief would call into question the Plaintiff's conviction or sentence. *See, e.g.*, *Miller v. Harris Cnty.*,

*Tex.*, 396 F. App'x 77, 78 (5th Cir. 2010) (unpublished) ("Because the claims for declaratory and injunctive relief call into question the validity of the deferred adjudication and order adjudicating guilt, they were dismissed properly under the rule in *Heck*."); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004 (unpublished) ("*Heck* applies to claims for injunctive relief that imply the invalidity of the conviction.").

Here, Plaintiff complains about the circumstances that led to his 2017 conviction, including the 2016 incident with his father that led to his arrest, and makes a general assertion that false testimony was presented to the Grand Jury, attaching his indictment. (Doc. No. 1, at 3–4; Doc. No. 1-2.) Plaintiff further complains that, during the trial, perjury was committed, evidence was withheld, false evidence was presented, and he was never believed. (Doc. No. 1, at 3–4.) These claims, if proven, would call the validity of his conviction and sentence into question. *See Hudson v. Hughes*, 98 F.3d 868, 871 (5th Cir. 1996).

Moreover, Plaintiff has failed to demonstrate that his conviction has been invalidated or in any way called into question. Indeed, the court already considered the exact allegations presented in this action in Plaintiff's previously asserted petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Case No. 6:21-cv-132. The court considered all of the evidence presented and found his habeas petition to be without merit, ultimately dismissing the action with prejudice. (Case No. 6:21-cv-132, Doc. Nos. 17, 22, 23.) Accordingly, the instant civil rights lawsuit is barred by *Heck*. 512 U.S. at 486 ("A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983."). In order to obtain monetary damages or equitable relief, Plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id*. at 487.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the civil rights complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and that Plaintiff's claims be **DISMISSED** with prejudice to their being asserted again until the *Heck* conditions are met.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge on those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 14th day of October, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE